UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
[*Electronically Filed*]

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | |
| THE SPEAKEASY BAR & GRILL, LLC d/b/a THE BARRELHOUSE ON MARKET, | ) ) ) | Case No. _____ |
| Serve: The Speakeasy Bar & Grill, LLC c/o Michelle Collins 1005 W. Market St. Jeffersonville, IN 47130 | ) ) ) ) ) | |
| -and- | ) ) | |
| 112 Altra Drive Clarksville, IN 47129 | ) ) ) | |
| and | ) ) | |
| ARNIE YOUNGBLOOD, | ) ) | |
| Serve: Arnie Youngblood 5315 E. Whiskey Run Rd. NE Georgetown, IN 47122 | ) ) ) ) | |
| and | ) ) | |
| BRANDON CRUTCHER, | ) ) | |
| Serve: Brandon Crutcher 2805 Hampton Dr. Jeffersonville, IN 47130 | ) ) ) ) | |
| Serve: Kelly A. Sheets THEDOROS & ROOTH, P.C. 8750 Broadway, Suite A Merrillville, IN 46410 | ) ) ) ) ) | |

*Defendants.*              )
## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

Comes now the Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment and Related Relief against the Defendants, The Speakeasy Bar & Grill, LLC d/b/a The Barrelhouse on Market (the "Speakeasy"), Arnie Youngblood ("Youngblood"), and Brandon Crutcher ("Crutcher") states as follows:

### I.     STATEMENT OF THE CASE

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure ("FRCP") 57, for purposes of determining a question of actual controversy between the parties, which is justiciable in nature, as set forth more fully below. Specifically, Scottsdale seeks a determination of the parties' rights and obligations under Scottsdale Commercial General Liability & Liquor Liability Policy No. CPS7204687, issued to Defendant Speakeasy (the "Policy"). Scottsdale seeks a judgment declaring that the Policy and its clear and unambiguous endorsement providing for, and limiting, the maximum coverage available for liability arising from an assault and/or battery to $25,000 per event and $50,000 in the aggregate are valid, enforceable, and applicable to the claim described herein. Defendant Crutcher has and is currently pursuing a claim against Defendant Speakeasy for personal injury that arises from a physical altercation having taken place between numerous patrons of the Speakeasy on or about July 25, 2020, in Clark County, Indiana (the "Incident"). The Incident is the subject of a civil action brought by Defendant Crutcher against Defendant Speakeasy and Defendant Youngblood in Clark Circuit Court, Indiana, styled as *Brandon Crutcher v. The Speakeasy Bar & Grill, LLC*

*d/b/a The Barrelhouse on Market and Arnie Youngblood*, Cause No. 10C02-2103-CT-000032 (the "State Court Action").

## II.   THE PARTIES

2. Scottsdale is an insurance company organized under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona.

3. Defendant, The Speakeasy Bar & Grill, LLC d/b/a/ The Barrelhouse on Market, the named insured on the Policy, was at all times relevant hereto an Indiana for-profit corporation with its principal business office at 1005 W. Market Street, Jeffersonville, Indiana 47130. Upon information and belief, Speakeasy is now insolvent and/or has ceased operations.

4. Upon information and belief, Defendant Arnie Youngblood is and was at all times relevant hereto a citizen and resident of Jefferson County, Indiana.

5. Upon information and belief, Defendant Brandon Crutcher is and was at all times relevant hereto a citizen and resident of Jefferson County, Indiana.

## III.   JURISDICTION AND VENUE

6. Scottsdale brings this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.[1]

---

[1] Defendant Crutcher has most recently demanded $950,000 to settle his claims against Speakeasy and Youngblood.

3

8. This action concerns the rights and obligations, if any, under a liability insurance policy issued to the Speakeasy within the jurisdictional limits of the Southern District of Indiana for an event that occurred within the jurisdictional limits of the Southern District of Indiana. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL BACKGROUND

9. On or about July 25, 2020, Crutcher participated in and was injured in connection with a physical altercation involving numerous patrons at the Speakeasy in Jeffersonville, Indiana.

10. On March 29, 2021, Crutcher filed the State Court Action against Speakeasy and Youngblood. (*See* State Court Complaint, attached hereto as Ex. 1). Therein Crutcher alleges that Youngblood, a security worker and employee of the Speakeasy, used force against Crutcher during the altercation, resulting in bodily injuries to Crutcher. (*See* Ex. 1, ¶¶ 7-10).

11. Crutcher alleges Speakeasy's negligence resulted in Crutcher sustaining injuries as a result of the use of force by Youngblood (*See* Ex. 1, ¶¶ 7-8).

12. Crutcher seeks to recover his past and future medical bills, compensatory damages for past and future pain and suffering and past and future lost earnings, and interest and costs. (*See* Ex. 1, ¶ 14, *et seq.*).

## V. THE POLICY

13. Scottsdale issued a Policy of commercial general liability and liquor liability insurance to the Speakeasy, with a policy period of June 18, 2020, to June 18, 2021, containing per-occurrence commercial general liability policy limits of $1,000,000 and per-each common cause liquor liability policy limits of $1,000,000 subject to certain circumstances, and subject to

certain conditions, endorsements, and exclusions. (*See* Certified Policy Documents, attached hereto as Ex. 2).

14. The Policy expressly excludes coverage for liability and injuries arising out of Assault and/or Battery. The Policy provides $25,000 per event and $50,000 in aggregate for liability and injuries arising out of Assault and/or Battery under certain circumstances, and subject to certain conditions, endorsements, and exclusions expressly stated in the Policy.

15. The Commercial General Liability Coverage Form provides, in relevant part:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

[. . .]

5

**COVERAGE C – MEDICAL PAYMENTS**

**1. Insuring Agreement**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;
(2) On ways next to premises you own or rent; or
(3) Because of your operations;

provided that:

(a) The accident takes place in the "coverage territory" and during the policy period;
(b) The expenses are incurred and reported to us within one year of the date of the accident; and
(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

(*See* Ex. 2, pp. PROD25 and PROD 32).

16. The Liquor Liability Coverage Form provides, in relevant part as follows:

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

6

(*See* Ex. 2, p. PROD 41). The Policy contains an Assault and/or Battery Limited Liability Coverage Endorsement which states in relevant part as follows:

> 5. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
> 6. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Hiring;
>    e. Training;
>    f. Monitoring;
>    g. Reporting to the proper authorities, or failure to so report; or
>    h. Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 3. and 4. above.
>
> We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.
>
> The coverage provided is described below:
>
> **INSURING AGREEMENTS**
>
> For the premium shown below, we agree to afford coverage with respect to Assault and/or Battery Liability only as indicated on this endorsement and subject to the provisions as set forth in this endorsement at liability limits of $25,000 Each Event and $50,000 Aggregate unless otherwise stated below:
>
> | LIMITS OF LIABILITY | COVERAGE |
> |---|---|
> | $ 25,000 Each Event<br>$ 50,000 Aggregate | Assault and/or Battery Liability |
> | $ _____ TOTAL PREMIUM | |
>
> 1. **COVERAGES—ASSAULT AND/OR BATTERY LIABILITY**
>
>    We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury";
>    a. Takes place at the designated premises; and
>    b. Occurs during the policy period.
>
>    We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

7

Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" arising from:

1. Assault and/or Battery that occurs at any premises other than the designated premises shown in the Schedule above; or

2. Assault and/or Battery that occurs away from the designated premises caused by supervision, hiring, training, organizing, or any other activities conducted on or from the designated premises shown in the Schedule above.

3. Assault and/or Battery committed by:
   a. Any insured;
   b. Any employee/"employee" of any insured; or
   c. Any other person.

4. The failure to suppress or prevent Assault and/or Battery by any person in **3.a.-c.** above;

[. . .]

(hereinafter the "Assault and/or Battery Endorsement") (*See* <u>Ex. 2</u>, pp. PROD 64-65).

17. The Assault and/or Battery Endorsement specifically excludes all coverage under the Commercial General Liability Coverage Form and the Liquor Liability Coverage Form, including any Medical Payments coverage, for "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" arising from assault and/or battery committed by any insured, any employee of any insured or any other person.

18. The Assault and/or Battery Endorsement specifically excludes such injury and damage arising out of the failure to suppress or prevent assault and/or battery by any person listed in 3(a)-(c) of the Endorsement, out of the selling, serving or furnishing of alcoholic beverages which results in assault and/or battery, or out of the negligent employment, investigation, supervision, hiring, training, monitoring reporting/failure to report or retention of any person for whom any insured is or was legally responsible and whose conduct would be excluded by paragraphs 3 and 4 of the Assault and/or Battery Endorsement.

8

19. Crutcher, Youngblood, and the Speakeasy have sought or relied upon liability insurance coverage under the Policy for Crutcher's injury claim in the State Court Action.

20. Scottsdale is currently defending the Speakeasy and Youngblood in the State Court Action.

21. Crutcher's Claim and the State Court Action arise out of injuries sustained as a result of Assault and/or Battery.

22. Scottsdale has offered its applicable coverage limit of $25,000 per event under the Policy to Crutcher.

### VI. CAUSE OF ACTION FOR DECLARATORY JUDGMENT

23. Scottsdale incorporates and restates the allegations contained in Paragraphs 1 through 23 above as if fully set forth herein.

24. The terms, provisions, and exclusions contained within the Policy and the Assault and/or Battery Endorsement are clear and unambiguous.

25. Under the terms of the Policy and the Assault and/or Battery Endorsement the limit of coverage available to the Defendant Crutcher is $25,000 per event.

26. Scottsdale has offered its full $25,000 per event insurance limit to Crutcher to resolve his claim and settle the State Court Action.

27. Speakeasy and Youngblood's liability in the State Court Action Complaint filed by Crutcher falls within the Policy's Assault and/or Battery Endorsement and is subject to the terms and conditions thereto.

28. Accordingly, Scottsdale's maximum financial obligation with respect to Crutcher's claims is $25,000.

29. An actual case and controversy exists between the parties as to whether the Assault and/or Battery Endorsement applies with respect to the claims asserted in the State Court Action or arising from the Incident.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and FRCP 57, this Court is vested with the power and obligation to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

31. This is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

**WHEREFORE**, Scottsdale respectfully requests that judgment be entered as follows:

1. A declaration that Scottsdale Insurance Company is only obligated to provide coverage benefits to the Defendants according to its $25,000 per event/ $50,000 in aggregate Policy limit;

2. To otherwise declare the rights and obligations of Scottsdale Insurance Company, if any, under the Policy;

3. An award of costs and attorneys' fees if applicable; and

4. Any and all other relief to which Scottsdale Insurance Company may be entitled in law or equity as this Court may deem proper and just.

**DATED: April 4, 2023.**

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/*
Edward M. O'Brien
D. Craig Lamb
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7995
edward.obrien@wilsonelser.com
craig.lamb@wilsonelser.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4th, 2023, I served the foregoing on the following via Certified United States Postal Mail, Return Receipt Requested:

The Speakeasy Bar & Grill, LLC
c/o Michelle Collins
1005 W. Market St.
Jeffersonville, IN 47130

-and-

112 Altra Drive
Clarksville, IN 47129

Arnie Youngblood
5315 E. Whiskey Run Rd. NE
Georgetown, IN 47122

Brandon Crutcher
2805 Hampton Dr.
Jeffersonville, IN 47130

Kelly A. Sheets
THEDOROS & ROOTH, P.C.
8750 Broadway, Suite A
Merrillville, IN 46410

/s/_____
Edward M. O'Brien
D. Craig Lamb
*Counsel for Plaintiff*

281707536v.1